**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CRAIG LEROY ATKINS,

       Plaintiff,

vs.                                CASE NO. 07-10547
                                  HON. LAWRENCE P. ZATKOFF
                                  MAGISTRATE JUDGE R. STEVEN WHALEN

SEETHA VADLAMUDI et al.,

       Defendants.
_____/

**OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS**

This matter comes before the Court on Magistrate Judge Whalen's Report and Recommendation [dkt 22] of January 10, 2008, in which the Magistrate Judge recommends denying Plaintiff's Motion for Default Judgment [dkt 15]. This matter also comes before the Court on Magistrate Judge Whalen's Report and Recommendation [dkt 23] of January 10, 2008, in which the Magistrate Judge recommends granting Defendants' Motion for Summary Judgment [dkt 11]. Plaintiff filed an objection to the Reports and Recommendations on March 12, 2008. The Court has thoroughly reviewed the court file, both Reports and Recommendations, and Plaintiff's objections. As a result of that review, the Court ADOPTS the Reports and Recommendations and enters them as the findings and conclusions of this Court as they pertain to the denial of Plaintiff's Motion and the granting of Defendants' Motion.

In his objection, Plaintiff correctly observes that the Report and Recommendation pertaining to Defendants' Motion for Summary Judgment did not address Plaintiff's "class of one" equal protection claim. Equal protection, "at the very least mean[s] that a bare desire to harm a politically unpopular group cannot constitute a legitimate governmental interest." *U.S. Dep't of Agric. v.*

*Moreno*, 413 U.S. 528, 534 (1973). The Supreme Court acknowledges the legitimacy of a "class of one" plaintiff "where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Under a "class of one" equal protection theory, a plaintiff must include in his complaint facts that demonstrate disparate treatment of similarly situated individuals. *Id.* at 564; *Maulding Dev., LLC v. City of Springfield*, 453 F.3d 967, 970 (7th Cir. 2006); *Ross v. Duggan*, 402 F.3d 575, 588 (6th Cir. 2004). To succeed on such a claim, the plaintiff must further establish the government's lack of rational basis "either by negativing every conceivable basis which might support the government action, or by showing that the challenged action was motivated by animus or ill-will." *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005).

Plaintiff alleges that he was denied his personal belongings for several days, makes a generic allegation that he was "denied his right to equal treatment," and baldly references the "animus and ill-will Michigan prison officials tend to harbor towards prisoners such as Plaintiff." These claims and conclusory statements, even when viewed in the light most favorable to Plaintiff, are insufficient to sustain a class-of-one equal-protection cause of action. Magistrate Judge Whalen's omission of this aspect of Plaintiff's claim, then, does not materially alter the outcome of his Reports and Recommendations.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Default Judgment is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED with prejudice.

IT IS SO ORDERED.

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated: March 18, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 18, 2008.

                                              s/Marie E. Verlinde
                                              Case Manager
                                              (810) 984-3290